BATSON-COOK CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5458.    Promulgated April 30, 1927.

BAD DEBTS.—Certain accounts receivable ascertained to be worthless and charged off within the taxable year allowed as a deduction from gross income; certain other accounts claimed by the petitioner disallowed.

*Ernest T. Clayton, C. P. A.,* for the petitioner.
*J. L. Deveney, Esq.,* for the respondent.

TRUSSELL: This proceeding is for the redetermination of a deficiency in income and profits taxes in the amount of $2,846.98 for the calendar year 1919.

The petitioner alleges that the Commissioner erred (1) in disallowing $6,064.69 of the amount of $6,732.77 claimed as a deduction for bad debts ascertained to be worthless and charged off during 1919, and (2) in adding to income for the year 1919 an amount charged off as a bad debt prior to that year and recovered during that year, but which amount had already been included in petitioner's return for 1919.

The general manager of the petitioner testified that its sales, which were mostly to farmers, amounted to over $500,000 during the year 1919; that after the charge-off of bad debts there remained on the books open accounts receivable in the amount of approximately

$100,000; that the policy of the petitioner was to charge off each year debts which after careful investigation of the financial status of each debtor, of his crops and the returns therefrom, of the mortgages and liens on the farms and crops, and after consultations with bankers, were ascertained to be worthless and uncollectible; and that if, in any subsequent year any collections were made on such debts, the amounts so collected were treated as income in the year received.

No evidence has been adduced to sustain the petitioner's second allegation of error.

### FINDINGS OF FACT.

The Batson-Cook Co. is a Georgia corporation with its principal place of business at West Point. Since its incorporation, and during the taxable year 1919, the petitioner has been engaged in the business of selling building supplies and of general contracting. Most of its business has been with farmers, of the surrounding territory, on credit and usually payment depended upon the success of the crops. The petitioner's general manager used his own business judgment in extending credit, and exercised due diligence and care in ascertaining debts to be worthless.

During the period from January 1 to March 15, 1919, the petitioner kept a ledger account under the heading of bad and doubtful accounts, and during that period 21 accounts were entered therein aggregating $218.53. At the end of the year these accounts with this total were transferred and charged to profit and loss. During the period from March 15 to November, 1919, petitioner from time to time charged to profit and loss 16 other accounts ascertained to be worthless, aggregating $439.70. In December, prior to the closing of the books for the year, petitioner ascertained to be worthless and charged to profit and loss another group of accounts aggregating $2,570.35. The sum of these three items is $3,228.58.

In making its income-tax return for the year 1919, the petitioner claimed as a bad debt deduction another group of accounts aggregating $3,504.19. This item was entered upon petitioner's books as a charge against surplus under date of January 1, 1920.

The allowable deduction from gross income on account of debts ascertained to be worthless and charged off during the year is $3,228.58.

> *The deficiency will be redetermined in accordance with the foregoing findings of fact on 15 days' notice, pursuant to Rule 50. Judgment will be entered accordingly.*